## Estate of CYNTHIA HOFF SHILLABER, Deceased.

[No. 4,015; decided January 7, 1886.]

Special Administrator.—It is the Duty of a Special Administrator to Collect and preserve, for the executor or administrator, all personalty and choses of every kind belonging to the decedent and his estate; also to take the charge of, enter upon and preserve from damages, waste and injury the realty.

Special Administrator—Actions by and Against.—For all purposes of the performance of the duty of a special administrator to collect and preserve the assets, real and. personal, of the decedent, and for all necessary purposes, he may commence and maintain or defend suits and other legal proceedings, as in the case of a general administrator.

Special Administrator—Accounts.—The Accuracy of a special administrator's account will be tested by strictly legal methods, under the rule of section 1415, Code of Civil Procedure, and his duty as therein found, and as defined in the first and second headnotes above.

Special Administrator—Allowance for Clerical Assistance.—In this case the court allowed the special administrator for clerical help in collection of rents, and keeping the accounts, four per cent upon the collections; but reserved the right in other cases to deal differently with a similar item.

Special Administrator.—An Item of Expense for Detective Service, claimed to be incurred for the estate's interest, was in this case disallowed by the court.

Special Administrator—Expenditure on Personalty.—Until distribution, an article of personalty specifically bequeathed by decedent must be treated as part of the estate, and not allowed to deteriorate. Hence, where the special administrator has made an expenditure upon such article to prevent its deterioration, the item should be allowed in his account.

An Executor is Entitled to the Assistance of Counsel, Even When He is Himself an Attorney; and he will be granted an allowance for counsel employed by him; but in dealing with the question, the court will be mindful of the fact that the executor is an attorney of ability.

The Administrator was Allowed Counsel Fees, Although His Counsel was His Law Partner, in the case at bar, it being proved that in this service such counsel was not the business partner of the administrator.

Special Administrator—Expenditures for Business Trip.—Where a special administrator has in good faith journeyed to a distant state upon business of the estate, an allowance will be made to him therefor;

but he will be entitled to no greater remuneration than, in the court's opinion, would be proper for the dispatch of the business of such journey.

**Special Administrator.—For the Compensation of a Special Administrator,** the court can accept no other standard than that furnished by section 1618, Code of Civil Procedure (for general administration). Commissions are here allowed on the amount accounted for, including an additional sum of one-half of such commissions for extra service, as permitted under such section.

**Devisee—Right to Possession.—A Tenant of Realty,** specifically devised to her for life, is not entitled to possession on testator's death. But as she will be entitled to the rents, issues and profits upon distribution of the estate, her intermediate occupancy might not ordinarily challenge criticism; yet aliter, if objection made.

**Administrator—Liability for Rents When He Places Devisee in Possession.—In** the face of objection an administrator will be held accountable for the rental value of realty specifically devised by his testator, which he has placed in the possession of the devisee. But where the premises contained certain articles of personalty, which the testator directed to have left there and which the administrator claimed should be cared for, the court will take into account the care bestowed upon the property by the devisee.

This was a contest to the settlement of the account of the special administrator. Mr. Carroll Cook, the special administrator of the estate (also the nominated executor of decedent's will), filed his first and final account as special administrator upon the twenty-fourth day of September, 1885; and on October 5, 1885, written objections thereto were filed by Frances H. Lowndes (a sister of testatrix) in her own right as heir of testatrix, and as guardian of the person and estate of Theodora Lowndes, a minor, interested in the estate. The objections were exhaustive, but only those are here (and in the decision) explained which involved some principle or question of law; those not explained being the subject only of some controverted question of fact.

As to the first objection, it appears that the administrator had made an expense of $320 for gardening, etc., with respect to the premises referred to by the court in the consideration of the tenth objection. The objection to this item, so far as it involved a question of law, was that the administrator was blowing hot and cold; claiming that the realty upon which the expense was alleged to have been

made had been specifically devised by testatrix, and there-
fore the title had vested in the devisee, and the premises
constituted no part of the estate; while, on the other hand,
contending that the property belonged to the estate for the
purpose of its care and preservation during the administra-
tion. The court having subsequently, under the tenth ob-
jection, held that the premises were part of the estate, and
the administrator accountable for their rental value, in ac-
cordance with the reason of that ruling, allowed this item
as proper from a legal point of view, the property of the
expense having been first determined by the court.

The fifth objection was to an item in the account for
services of a detective employed by the administrator and
claimed to be in the interest of the estate and the adminis-
tration. The sixth objection was to an item of $60, for
repairs to an organ removed by the administrator from the
place of its situs at testatrix's death, on account of its con-
stant deterioration from want of care, climatic influence, etc.
The objection was on the ground that the article had been
specifically bequeathed, and the legatee could only claim
the gift in the condition in which it was left by the testa-
trix, and that it was not the function of the administrator
to keep property for legatees in any particular state of
preservation.

The seventh objection was to an item of $500, charged as
fees of the attorney for the administrator. The objection
was on the ground that the attorney was a brother and law
partner of the administrator; furthermore, that the admin-
istrator was himself an attorney, and hence there was no ne-
cessity for getting the usual professional assistance, and that
even here much of the work of the administration was done
by the administrator and not by the attorney.

The tenth objection was to an item of $2,500, placed at
the end of the credit side of the administrator's account
as a charge by him as administrator to cover all his services
in the special administration of the estate, and to include
all his expenses in making a journey to New York (referred
to in the opinion) to attend to certain litigation and in-
terests there in behalf of the estate, and also including com-

pensation for time and labor with respect to certain suits to which the estate was a party.

Wm. Hoff Cook, for special administrator.

Carroll Cook, special administrator, in pro. per.

W. S. Wood and B. Noyes, for objectors.

COFFEY, J. It is the duty of the special administrator to collect and preserve for the executor or administrator all the goods, chattels, debts and effects of the decedent, all incomes, rents, issues and profits, claims and demands of the estate; he must take the charge and management of, enter upon and preserve from damage, waste and injury the real estate, and for any such and all necessary purposes may commence and maintain or defend suits and other legal proceedings as an administrator: Code Civ. Proc., sec. 1415.

The account here under examination runs from and including February 26, 1885, to and including September 1, 1885—say six months. Its accuracy must be tested by strictly legal methods, under the rule of the foregoing cited section of the code.

First Objection: Payler payments, numbers 7, 30, 46, 64, 78, 92, 99: disallowed, i. e., objection overruled: Estate of Miner, 46 Cal. 572.

Second Objection: As to voucher 5: objection overruled; item allowed. As to vouchers 23, 26, 28, 45, 56, 71, 91 and 96: When in the care and management of a large estate, it is shown to be impracticable to do without clerical assistance to collect rents and keep accounts, the court usually makes some allowance, but the exercise of this discretion should be guarded. The executor is expected to perform some labor, and to use the utmost economy consistent with the protection of the estate intrusted to his custody and care. I have never made such allowances without rigorous proof of necessity, even when no objection was interposed, but such allowances have been made in probate courts repeatedly and in such circumstances as are suggested in this case. Even if proper, however, the charge is out of proportion to the result. I shall allow at the rate of four per cent upon the collections; reserving to myself the right in other accounts to deal otherwise with any similar item, and

acting now upon the evidence before me and my present view of the duty.

Third Objection: Overruled under the evidence.

Fourth Objection: Overruled under the evidence.

Fifth Objection: Sustained. The court cannot understand the reason or necessity in such a case for such a charge.

Sixth Objection: Until distribution the organ must be treated as part of the estate, and not allowed to deteriorate. Objection disallowed and overruled.

Seventh Objection: Attorney's fee, $500. The executor is entitled to such assistance, even when he is himself an attorney, and he needs other counsel. In this case, while he has been actively participant in all the proceedings, yet the counsel claiming the allowance has done, before the court, work entitling him to consideration, and his evidence is that in this service he is not a business partner of the executor. The executor, however, is a lawyer of competency and experience; that he must expect, hereafter, that the court will consider this fact in dealing with his accounts. In this instance I think the item should be allowed.

Eighth Objection: Overruled.

Ninth Objection: Overruled.

Tenth Objection: With reference to this objection the court has given careful attention to the brief presented by the special administrator, and is disposed to consider this claim in the most liberal spirit consistent with its view of the law. The special administrator undoubtedly acted in good faith in journeying to New York in response to the telegram from Buffalo; but he should have consumed no more time than was actually necessary in the discharge of his business, and he is entitled to no more remuneration than, in the opinion of the court, would be proper for the dispatch of his errand to the east. The court regulates his charges in this manner:

| | | |
|---|---|---|
| 21 days necessarily consumed; loss of time, at $20.... .... .... .... .................. .... | $420 00 | |
| 7 days in New York, at $5 per day; board, etc. | 35 00 | |
| | $455 00 | |

For his compensation as special administrator the court can, in the due exercise of its discretion, accept no other standard than that furnished by section 1618, Code of Civil Procedure, and allow accordingly:

Commissions on amount accounted for, $10,394 14.

| | | |
|---|---|---|
| First $1,000 00.. .. ........ .... ......$ 70 00 | | |
| 9,000 00........ ........ ........ 450 00 | | |
| 394 14........ ........ ........ 15 77 | | |
| | $535 77 | |
| Extra comp., one-half rates...... .. .... 267 88 | | |
| | | $803 65 |
| | | $1,258 65 |

Tenth objection: While the tenant of the life estate is not entitled to immediate possession, she will be entitled on distribution to the rents, issues and profits; and, ordinarily, her intermediate occupancy might not seem to challenge criticism; but in the face of objection, the court cannot disregard the strictly legal aspect of the case; and must, therefore, hold the administrator accountable for the rental value of the premises; being disposed, however, to take into account the care bestowed upon the property by the temporary tenant or custodian. In allowing for the first (Payler) items objected to, the court has bestowed some consideration upon this point. The court will hold the administrator for the ascertained rental value of the premises on Sixteenth Street. Let the account of the special administrator be restated or amended in accordance with this opinion.

An Administrator is Entitled to an Allowance for necessary expenses incurred in traveling on business connected with the preservation of the estate: Estate of Byrne, 122 Cal. 260, 54 Pac. 957; Estate of Rose, 80 Cal. 166, 22 Pac. 86; Rice v. Tilton, 14 Wyo. 101,

82 Pac. 577. Traveling expenses connected with the administration of foreign assets should be allowed out of those assets: Estate of Ortiz, 86 Cal. 316, 21 Am. St. Rep. 44, 24 Pac. 1034. An administratrix is not entitled to expenses incurred in traveling when taking steps to apply for letters of administration, or in attending the hearing of a contest over letters of administration: Estate of Byrne, 122 Cal. 260, 54 Pac. 957.

An Administrator may, Under Some Circumstances, be Allowed in his accounts for the services of a bookkeeper: Estate of Moore, 72 Cal. 335; 13 Pac. 880; or of an expert accountant: Estate of Levinson, 108 Cal. 450, 41 Pac. 483, 42 Pac. 479. As a rule, the question whether an administrator is entitled to employ a bookkeeper depends on the circumstances of the estate; and should be left to the discretion of the court: Estate of More, 121 Cal. 609, 54 Pac. 97. He cannot charge the estate with the expense of hiring assistance in keeping his ordinary accounts: Lucich v. Medin, 3 Nev. 93, 93 Am. Dec. 376; Steel v. Holladay, 20 Or. 462, 20 Pac. 562.

In Case an Executor or Administrator is Himself an attorney, he cannot charge the estate with the expense of another attorney to assist him in conducting the ordinary administration, unattended with any legal or other complications: Noble v. Whitten, 38 Wash. 262, 80 Pac. 451; Estate of Young, 4 Wash. 534, 30 Pac. 643; Estate of Coursen (Cal.), 65 Pac. 965.